IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AEL FINANCIAL, LLC, an Illinois ) <br> limited liability company ) <br> ) <br> v. ) <br> ) <br> CITY AUTO PARTS OF DURHAM, INC. ) <br> D/B/A CITY AUTO SALVAGE CITY, ) <br> JOSEPH R. GUARGLIA, SR. AND ) <br> JOSEPH R. GUARGLIA, JR. ) <br> ) <br>     Defendants/Third-Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CAPITAL 4, INC., a Texas corporation, ) <br> ISHMAEL VILLA-LOBOS, ) <br> P. DAVIS DAWSON, and ) <br> METROPARK COMMUNICATIONS, ) <br> INC., a Missouri corporation, ) <br> ) <br>     Third-Party Defendants. ) | Case No. 08 CV 3490 <br><br> Judge: Dow Jr. <br><br> Magistrate Judge: Mason |

## **INITIAL STATUS REPORT**

NOW COME the Plaintiff, AEL FINANCIAL, LLC, an Illinois limited liability company ("AEL"), by and through its attorneys, Brian Ira Tanenbaum and John A. Benson, Jr., of The Law Offices of Brian Ira Tanenbaum, Ltd., and Defendants City Auto Parts of Durham, Inc. d/b/a City Auto Salvage, Joseph R. Guarglia, Sr., and Joseph R. Guarglia, Jr. ("Defendants"), by and through their attorneys, Carlos E. Mahoney of Glenn, Mills, Fisher and Mahoney, P.A. and Robert S. Bell, Jr., and hereby file the following Initial Status Report pursuant to Judge Dow's standing order, and in support state as follows:

A. The attorneys of record for AEL are Brian Ira Tanenbaum and John A. Benson, Jr. of The Law Offices of Brian Ira Tanenbaum Ltd., both of whom are expected to try the case. The attorneys of record for Defendants are Carlos E. Mahoney of Glenn, Mills, Fisher and Mahoney, P.A. and Robert S. Bell, Jr.  Mr. Mahoney is expected to try the case.

B. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, in that the parties are citizens of different states and the matter in controversy exceeds, exclusive of interest, costs and attorneys' fees, the sum of Seventy-Five Thousand Dollars ($75,000.00).

C. AEL brings a cause of action for breach of an equipment lease against City Auto Parts of Durham, Inc. d/b/a City Auto Salvage City and for breach of guaranty against Joseph R. Guarglia, Sr. and Joseph R. Guarglia, Jr.  Defendants have filed a Counterclaim against Plaintiff and seek (1) rescission of the alleged contract on the grounds of mutual mistake of fact, unilateral mistake of fact, and/or fraud; (2) reformation of the alleged contract on the grounds of fraud; and, (3) monetary damages for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act.  Defendants have filed a Third-Party Complaint against Third-Party Defendants Capital 4, Inc. ("Capital 4"), Ishmael Villa-Lobos, P. Davis Dawson, and Metropark Communications, Inc. ("Metropark") seeking (1) contractual indemnity from Capital 4 for Plaintiff's claims, (2) monetary damages from Capital 4 for violations of the Texas Deceptive Trade Practices-Consumer Protection Act, and (3) monetary damages from Metropark for negligent misrepresentation.  Defendants also assert claims for civil conspiracy against Plaintiff and Capital 4 and seek to pierce the corporate veil to hold Third-Party Defendants Villa-Lobos and Dawson liable for Capital 4's debts and wrongful conduct. As its response to Defendants'

Counterclaims and Affirmative Defenses, Plaintiff intends to file a motion to dismiss the counterclaims and affirmative defenses filed by Defendants against AEL.

      D.      The Defendants in this matter agreed to waive service of process. As such, the Defendants have been served through their counsel accepting service and the appropriate waiver of service forms have been filed with the Court. See Docket Nos. 8, 9, and 10.

The Third-Party Complaint was filed on August 22, 2008. Defendants have asked the Clerk to issue Third-Party Summonses for Third-Party Defendants Capital 4, Ishmael Villa-Lobos, P. Davis Dawson, and Metropark.

      E.      The principal legal issues surrounding Plaintiff's claims are the enforceability of the equipment lease and guaranties entered into between AEL and the Defendants and the amount of monies due by Defendants to AEL thereunder.

In addition, Defendants' Counterclaim and Third-Party Complaint raise the following legal issues: (a) Whether Plaintiff's contract may be rescinded or reformed? (b) If Plaintiff's contract is enforceable, whether Defendants are entitled to full indemnity from Capital 4? (c) Whether Plaintiff's conduct violated the Illinois Consumer Fraud and Deceptive Business Practices Act? (d) Whether Capital 4's conduct violated the Texas Deceptive Trade Practices-Consumer Protection Act? (e) Whether a civil conspiracy existed between Plaintiff and Capital 4? (f) Whether Capital 4's corporate veil can be pierced to hold Third-Party Defendants Villa-Lobos and Dawson liable for Capital 4's debts and misconduct? (g) Whether Metropark negligently misrepresented to Defendants the terms of Plaintiff's alleged contract? Plaintiff denies all liability to Defendants.

F. The principal factual issues surround the enforceability of the equipment lease and guaranties entered into between AEL and the Defendants and the amount of monies due by Defendants to AEL thereunder.

Defendants contend that the principal factual issues include: (a) Plaintiff's involvement in Capital 4's 3Com Power of $Zero Program ("POZ Program"); (b) the course of dealings that preceded Defendants' execution of Capital 4's Power of $Zero Customer Agreement ("POZ Agreement") and Plaintiff's funding agreement; (c) the course of dealings that followed Defendants' execution of Capital 4's POZ Agreement and Plaintiff's funding agreement; (d) the business relationship that existed between Plaintiff, Capital 4, and Metropark concerning the POZ Program; and (e) the involvement of Third-Party Defendants Villa-Lobos and Dawson in the POZ Program and POZ Agreement.

Plaintiff contends that the lease agreement and guaranty that the Defendants executed exclusively governs the rights of Plaintiff and Defendants herein and that the POZ Program and the POZ Agreement, of which Plaintiff was not a party, is not relevant to any issues between Plaintiff and Defendants.

G. A jury demand was requested by Defendants in its Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint. However, pursuant to the terms and conditions of the equipment lease and guaranty, which forms the basis of this lawsuit, Plaintiff contends that Defendants expressly waived its rights to a trial by jury. As such, AEL objects to Defendants' jury demand.

H. No discovery has been conducted by the parties. Plaintiff and Defendants intend to serve one another with interrogatories, requests for production, requests for admission and requests for inspection, and, if necessary, on any other adverse party in this case. Plaintiff and

Defendants also intend to take depositions upon oral examination of one another, and, if necessary, on any other adverse party, and any other witnesses disclosed in discovery. Plaintiff and Defendants suggest the following discovery deadlines and cutoff: (a) October 1, 2008 – parties shall serve their initial disclosures under Rule 26(a)(1); (b) February 2, 2009 – all motions to amend the pleadings shall be filed; (c) March 13, 2009 – all written discovery requests to be served; (d) April 15, 2009 – all discovery to be completed.

    I.     The earliest date the parties will be ready for trial is September 7, 2009 and the length of trial is estimated by Plaintiff to be two (2) days and by Defendants to be five (5) days.

    J.     The parties do not unanimously consent to proceed before a Magistrate Judge.

    K.     The parties have not engaged in any meaningful settlement discussions at this time.

    L.     AEL would be interested in scheduling a settlement conference in this case. Defendants do not request a settlement conference.

Dated: August 26, 2008　　　　　　　　　Respectfully submitted,

                                          AEL FINANCIAL, LLC, an Illinois limited liability company

                                          By: /s/ John A. Benson, Jr._____
                                          One of its Attorneys

Brian Ira Tanenbaum, Esq. (IL Bar No. 6181447)
John A. Benson, Jr., Esq. (IL Bar No. 6289042)
Attorneys for Plaintiff
The Law Offices of Brian Ira Tanenbaum, Ltd.
2970 Maria Avenue, Suite 207
Northbrook, IL 60062
Telephone: 847-562-1636
Facsimile: 847-562-1637

                                          /s/ Carlos E. Mahoney_____
                                          Carlos E. Mahoney
                                          Glenn, Mills, Fisher & Mahoney, P.A.

P. O. Drawer 3865
Durham, North Carolina 27702-3865
Telephone: (919) 683-2135
Fax: (919) 688-9339
cmahoney@gmf-law.com
N.C. State Bar No. 26509
Counsel for Defendants, appearing *pro hac vice*

Robert S. Bell, Jr.
Law Offices of Cary J. Collins, P.C.
2200 West Higgins Road, Suite 155
Hoffman Estates, IL 60195
Telephone: (847) 519-0010
Fax: (847) 519-0016
rsbelljr@sbcglobal.net
Local Counsel for Defendants